2006 BNH 041
_____

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

In re:                                                                           Bk. No. 03-13878-MWV
                                                                                        Chapter 7
Bob Desmond,
        Debtor


Robert Wolfe Associates, P.C.,
        Plaintiff

v.                                                                                 Adv. No. 04-1112-MWV

Robert M. Desmond,
ASR Acquisition Corp.,
and Alfred Ross,
        Defendants


*Edmond J. Ford, Esq.*
FORD, WEAVER AND MCDONALD, P.A.
*and*
*Richard N. Gottlieb, Esq.*
LAW OFFICES OF ATTORNEY RICHARD GOTTLIEB
*and*
*Robert S. Wolfe, Esq.*
ROBERT WOLFE ASSOCIATES, P.C.
*Attorneys for Plaintiff*

*William S. Gannon, Esq.*
WILLIAM S. GANNON PLLC
*Attorney for Defendant Robert M. Desmond*

*William B. Pribis, Esq.*
CLEVELAND, WATERS & BASS
*Attorney for Defendants ASR Acquisition Corp. and Alfred Ross*

*Deborah A. Notinger, Esq.*
DONCHESS & NOTINGER, PC
*Attorney for Steven M. Notinger, Chapter 7 Trustee*

## MEMORANDUM OPINION

The Court has before it the Defendants' motion to dismiss the remaining counts of the Plaintiff's second amended complaint and the Plaintiff's objection thereto and the Plaintiff's motion to amend the complaint and the Defendants' objection thereto. The Court has heard the arguments of counsel on both matters and has taken them under advisement.

### JURISDICTION

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the "Standing Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of New Hampshire," dated January 18, 1994 (DiClerico, C.J.). This is a core proceeding in accordance with 28 U.S.C. § 157(b).

### BACKGROUND

A brief recital of the procedural history of this adversary proceeding is in order. The original complaint was brought in May 2004 and the second amended complaint filed in July 2004. At the time the complaint was brought, the case was in Chapter 11, and no creditors' committee had been appointed. The complaint alleges causes of action on behalf of creditors, which the Court allowed to proceed since it felt at the time that the creditors' interests would not be protected by the debtor in possession. On August 26, 2005, the case was converted to Chapter 7, and the trustee was appointed. On March 8 and 9, 2006, the Court conducted two days of trial but did not complete the trial, which was expected to last another two days. The trustee did not object to the trial going forward at that time.

Subsequent to the first two days of trial, the trustee settled all claims that the bankruptcy estate had against the Defendant, ASR Acquisition Corp. The Court approved that settlement by order dated May 17, 2006, and denied a motion to reconsider that order on May 24, 2006. In its May 17, 2006, opinion, the Court stated:

> As representative of the estate, having stepped into the Debtor's shoes, the Trustee alone may assert the causes of action against ASR in the ASR Adversary. See In re Gaudette, 241 B.R. 491, 498 (Bankr. D.N.H. 1999). Correspondingly, if a "cause of action belongs solely to the creditors, the trustee has no standing to assert it." Id. In the Wolfe Adversary, Wolfe claims, among other claims, that the Debtor and ASR conspired and colluded in misrepresenting the debts owed ASR by Desmond. Following the reasoning of our Gaudette opinion, to the extent that Wolfe alleges claims that could not be brought by the Trustee, those claims survive in Wolfe. The settlement does not extinguish those claims because the Trustee does not have standing to assert those claims. See In re Gaudette, 241 B.R. at 498–501 (discussing trustee standing and the doctrine of *in pari delicto*). However, the settlement does release any and all claims against ASR that *the Debtor or the estate* could assert, as those claims belong to the Trustee upon conversion to Chapter 7.

Desmond v. ASR Acquisition Corp. (In re Desmond), 2006 BNH 020 (Bankr. D.N.H. 2006). On May 26, 2006, the Defendants brought their motion to dismiss asserting that Counts III and IV should be dismissed as they were actions that could be brought by the trustee. As to Count I, to the extent it alleged a conspiracy, it did so on the narrow allegations that the conspiracy only damaged the Plaintiff.

While that motion was pending, the Plaintiff brought its motion to amend the complaint, in which Count I and Count II of the amended complaint would contain a count of civil conspiracy and equitable subordination on behalf of the Plaintiff and all creditors. In paragraphs 30 to 35 of the motion to amend, the Plaintiff seeks to prosecute this adversary as a class action on behalf of all creditors. The motion to amend was filed on September 13, 2006, with a continuation of the trial scheduled for October 26 and 27, 2006. The Court held a hearing on the motion to amend on October 6, 2006, and took the matter under advisement.

## DISCUSSION

The Court will first discuss the motion to dismiss Counts III and IV of the second amended complaint. Count III alleges that the claims of the Defendants are unenforceable under state and federal law. Count IV alleges unjust enrichment and fraudulent transfer. Both Counts III and IV are claims that could have been brought by the Chapter 7 trustee since they are claims properly belonging to the

bankruptcy estate. Since the Court approved the settlement between the trustee and the Defendants of all claims held by the bankruptcy estate, Counts III and IV are hereby dismissed.

Apparently in response to the Court's order approving the trustee's settlement with Defendant ASR Acquisition Corp., the Plaintiff has moved to once again amend the complaint after two days of trial and almost four months after this Court approved the settlement and the Defendants filed their motion to dismiss. As indicated above, Counts I and II of the proposed amended complaint allege a civil conspiracy and equitable subordination claim on behalf of the Plaintiff and all creditors. The Plaintiff supports his right to amend on the ground that these are counts that cannot be brought by the trustee and, thus, he should be allowed to pursue them on behalf of creditors. See In re Gaudette, 241 B.R. 491, 498 (Bankr. D.N.H. 1999).

While the Court recognizes, under Rule 15 of the Federal Rules of Civil Procedure, made applicable to this adversary by Rule 7015 of the Federal Rules of Bankruptcy Procedure, an amendment should be freely given when justice so requires, this Court believes that this is not such a case for the following reasons.

First, amendments are not to be allowed when they are futile or when an adversary like the present one that has been pending for over two years is not supported by "substantial and convincing evidence." Resolution Trust Corp. v. Gold, 30 F.3d 251, 253 (1st Cir. 1994) (quoting Torres-Matos v. St. Lawrence Garment Co., Inc., 901 F.2d 1144, 1146 (1st Cir. 1990)).

The motion to amend is couched in general allegations of conspiracy and wrongdoing between the Defendants herein and the Debtor, but there are no specifics as to damages to any creditors other than to the Plaintiff. Likewise, the motion to amend does not point to sufficient evidence in the record to support a theory of conspiracy or equitable subordination to the detriment of all creditors. There is no substantial and convincing evidence cited to support these new allegations. More importantly, the Court believes, after hearing two days of trial in this adversary and after being involved in numerous other hearings relating to this case for a period of almost three years, that the facts do not exist to support a

theory of conspiracy or equitable subordination to the detriment of all creditors. In other words, to allow the amended complaint would be an exercise in futility.

Based on the above, the Court denies the motion to amend. Having denied the motion to amend, the Court does not have to reach the issue of whether the Plaintiff represents a class for purposes of litigation.

This leaves the Court with Count I of the original complaint. The basic allegations of Count I are that the Debtor and the Defendants herein conspired to have the Plaintiff release a mortgage, which he held on assets of the Debtor, to the detriment of the Plaintiff and that the Defendants' claims should be subordinated to those of the Plaintiff. At this point, this is a dispute between non-debtor entities that could be litigated in a court other than a bankruptcy court. For this reason, pursuant to 28 U.S.C. § 1334(c)(1), the Court abstains from hearing any further hearings relative to Count I of the adversary complaint.

## CONCLUSION

The Defendants' motion to dismiss is granted, and Counts III and IV of the second amended complaint are thereby dismissed. The Court abstains from considering Count I. The Plaintiff's motion to amend his complaint is denied. The trial scheduled for October 26 and 27, 2006, is cancelled. This opinion constitutes the Court's findings and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. The Court will issue a separate final judgment consistent with this opinion.

DATED this 20th day of October, 2006, at Manchester, New Hampshire.

/s/ Mark W. Vaughn
Mark W. Vaughn
Chief Judge